UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUST FUTURES LAW<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>*Defendants*. | Civil Action No. 26-1987 (RBW) |

**ANSWER**

Defendants United States Immigration and Customs Enforcement ("ICE") and United States Department of Homeland Security ("DHS") (collectively, "Defendants"), by and through counsel, respectfully respond to the Complaint filed by plaintiff Just Futures Law ("Plaintiff") in this action brought under the Freedom of Information Act (FOIA), 5 U.S.C § 552. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other action; or (c) are admissible in this, or any other action. Defendants deny each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows.

## PRELIMINARY STATEMENT[1]

1. The allegations contained in Paragraph 1 consist of Plaintiff's characterization of this lawsuit to which no response is required. To the extent that a response is deemed necessary, Defendants admit only that Plaintiff alleges that this action is brought pursuant to FOIA.

2. The allegations in Paragraph 2 consist of Plaintiff's characterization of this lawsuit to which no response is required. To the extent that a response is deemed necessary, Defendants admit that Plaintiff alleges that this action is brought pursuant to FOIA. To the extent that the allegations purport to characterize a FOIA request, Defendants respectfully refer this Court to that request as the best evidence of its contents and denies all allegations inconsistent therewith.

3. The allegations contained in Paragraph 3 constitute Plaintiff's conclusions of law to which no response is required. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 contains Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent any response is required, Defendants admit that this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of FOIA and denies all allegations inconsistent therewith.

5. Paragraph 5 contains legal conclusions regarding the Court's authority to grant declaratory relief, to which no response is required. To the extent a response is deemed required, Defendants deny that declaratory relief is an available remedy under FOIA.

[1] For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

6. Paragraph 6 contains Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent any response is required, Defendants admit that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to FOIA, respectfully directs the Court to the cited provision, and denies all allegations inconsistent therewith.

7. Paragraph 7 contains legal conclusions regarding the Court's authority to award costs and attorneys' fees, to which no response is required.

**PARTIES**

8. Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Defendant DHS admits that it is a federal agency within the meaning of FOIA. Defendant ICE admits that it is a federal agency and component of DHS.

10. The allegations contained in Paragraph 10 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully direct the Court to the provisions of FOIA and denies all allegations inconsistent with the plain text of those provisions.

**STATEMENT OF FACTS**

11. The allegations contained in Paragraph 11 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any further response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 11.

12. The allegations contained in Paragraph 12 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12.

13. The allegations contained in Paragraph 13 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14.

15. The allegations contained in Paragraph 15 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15.

16. The allegations contained in Paragraph 16 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16.

17. The allegations contained in Paragraph 17 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17.

18. The allegations contained in Paragraph 18 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 18.

19. The allegations contained in Paragraph 19 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for a full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19.

***Plaintiff's FOIA Request***

20. Defendants admit that Plaintiff filed two FOIA requests with ICE and DHS on August 4, 2025. The remaining allegations contained in Paragraph 20 constitute Plaintiff's opinions and/or subjective characterizations, interpretations, speculation, and generalizations to which no response is required.

21. The allegations contained in Paragraph 21 consist of Plaintiff's characterization of its FOIA request. Defendants respectfully refer the Court to the text of Plaintiff's FOIA request for a full and accurate statement of its contents, and deny all allegations inconsistent therewith.

***Response from DHS: 2025-HQFO-05782***

22. Defendant DHS admits.

23. Defendant DHS admits that Plaintiff appealed DHS's determination by letter dated Aug. 25, 2025. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

24. Defendant DHS admits.

25. Defendant DHS admits.

***Response from ICE: 2025-ICFO-52872***

26. As to the first sentence in Paragraph 26, Defendant ICE admits that Plaintiff submitted one FOIA request dated August 4, 2025. As to the second sentence in Paragraph 26, Defendant ICE admits that on August 6, 2025, it sent an email acknowledging receipt of Plaintiff's FOIA request, assigning it tracking number 2025-ICFO-52872, and stated that the request was administratively closed as too broad in scope and did not specifically identify the records sought. Defendant ICE respectfully refers the Court to the text of Plaintiff's FOIA request for a full and accurate statement of its contents and denies all allegations inconsistent therewith.

27. As to the first sentence in Paragraph 27, Defendant ICE admits that ICE FOIA's correspondence explained that records must be described in reasonably sufficient detail to enable government employees familiar with the subject area to locate records without placing an unreasonable burden upon the agency. As to the second sentence of Paragraph 27, Defendant ICE admits that the August 6, 2025, correspondence did not include information about how to submit an administrative appeal. Defendant ICE respectfully refers the Court to the text of ICE's August 6, 2025, correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

28. Defendant ICE admits that Plaintiff submitted its FOIA appeal dated October 14, 2025. The remaining allegations contained in Paragraph 28 consist of Plaintiff's characterization of its appeal. Defendant ICE respectfully refers the Court to the text of Plaintiff's FOIA appeal for a full and accurate statement of its contents and denies all allegations inconsistent therewith.

29. With respect to the allegations of Paragraph 29, Defendant ICE admits that, as of the date of the Complaint, ICE had not made a determination on Plaintiff's initial FOIA request 2025-ICFO-52872. Defendant further admits that Plaintiff submitted an administrative appeal, and ICE FOIA issued a final response to Plaintiff's appeal on November 12, 2025, under case number 2026-ICAP-00011. Defendant ICE refers the Court to ICE's November 12, 2025 correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

***Subsequent Factual Development***

30. The allegations contained in Paragraph 30 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations regarding the urgency or significance of the information sought, to which no response is required. To the extent any response is required, Defendant deny the allegations in this paragraph.

31. The allegations contained in Paragraph 31 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 31.

32. The allegations contained in Paragraph 32 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 32.

33. The allegations contained in Paragraph 33 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 33.

34. The allegations contained in Paragraph 34 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 34.

35. The allegations contained in Paragraph 35 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 35.

36. The allegations contained in Paragraph 36 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36.

37. The allegations contained in Paragraph 37 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37.

38. The allegations contained in Paragraph 38 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38.

39. The allegations contained in Paragraph 39 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 39.

40. The allegations contained in Paragraph 40 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40.

41. The allegations contained in Paragraph 41 constitute Plaintiff's opinions or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, including Plaintiff's characterization of information from a website, are immaterial, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for full and accurate statements of its contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 41.

**COUNT I:**

***Violation of Statutory Deadline***

42. Defendants incorporate their responses in the preceding paragraphs as though fully set forth herein.

43. The allegations contained in Paragraph 43 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully direct the Court to the provisions of FOIA and deny any allegations inconsistent with its plain text

44. The allegations contained in Paragraph 44 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully direct the Court to the provisions of FOIA and deny any allegations inconsistent with its plain text.

45. The allegations contained in Paragraph 45 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully direct the Court to the provisions of FOIA and deny any allegations inconsistent with its plain text.

46. The allegations contained in Paragraph 46 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully direct the Court to the provisions of FOIA and deny any allegations inconsistent with its plain text.

47. Defendant DHS admits.

48. Defendant DHS admits.

49. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant DHS denies the allegations in this paragraph.

50. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant DHS denies the allegations in this paragraph.

51. The allegations contained in Paragraph 51 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully directs the Court to the provisions of FOIA and deny any allegations inconsistent with its plain text

52. As to the first sentence in Paragraph 52 Defendant ICE admits that its August 6, 2025, email did not inform Plaintiff of the right to administratively appeal. Defendant ICE refers the Court to the email for its contents and denies any allegations inconsistent therewith. As to the second sentence in Paragraph 52, it consists of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendant ICE respectfully directs the Court to the provisions of FOIA and denies all allegations inconsistent with its plain text

53. The allegations contained in Paragraph 53 consist of Plaintiff's characterization of dates and deadlines under FOIA, to which no response is required. To the extent any response is required, Defendant ICE respectfully refers the Court to the applicable provisions of FOIA and denies all allegations inconsistent with its plain text.

54. The allegations contained in Paragraph 54 consist of Plaintiff's characterization of ICE's actions and legal conclusions regarding FOIA's requirements, to which no response is required. To the extent any response is required, Defendant ICE denies the allegations.

55. The allegations contained in Paragraph 55 consist of Plaintiff's characterization of its administrative appeal and legal conclusions regarding exhaustion, to which no response is required. To the extent any response is required, Defendant ICE denies the allegations.

56. Defendant ICE denies the allegations contained in Paragraph 56. Defendant admits that Plaintiff submitted an administrative appeal to ICE, and ICE FOIA issued a final response to Plaintiff's appeal on November 12, 2025, under case number 2026-ICAP-00011. Defendant ICE refers the Court to ICE's November 12, 2025 correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

57. The allegations contained in Paragraph 57 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully directs the Court to the provisions of FOIA and deny any allegations inconsistent with its plain text.

58. The allegations contained in Paragraph 58 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully direct the Court to the provisions of FOIA and deny any allegations inconsistent with its plain text.

## <u>RELIEF REQUESTED</u>

The remaining allegations in the complaint beginning with Plaintiff's "WHEREFORE" paragraph are Plaintiff's requests for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the requested relief.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the complaint, Defendants respectfully reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving

rise to the Complaint become known to Defendants throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12. Defendants do not assume the burden of proving any of these defenses or elements where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceeds the relief authorized by the FOIA, 5 U.S.C. § 552.

**THIRD DEFENSE**

This action should be dismissed to the extent Plaintiff's FOIA requests fail to reasonably describe the records sought, would be unduly burdensome to process, or otherwise do not satisfy the requirements of FOIA for a valid request.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees and costs in this action.

**FIFTH DEFENSE**

Plaintiff is not entitled to injunctive or declaratory relief.

**SIXTH DEFENSE**

Defendants have exercised due diligence in processing Plaintiff's FOIA requests, and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

Dated: July 17, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*By: /s/Rashad Hussain*
RASHAD HUSSAIN
DC BAR #985178
Assistant United States Attorney
601 D St. N.W.
Washington, D.C. 20530
202-252-7725
Rashad.Hussain@usdoj.gov

*Attorneys for the United States of America*